IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
|     GLOBAL INDUSTRIAL TECHNOLOGIES, ) | |
|     INC., et al., ) | |
| ) | |
|     Debtors, ) | |
| ) | |
| GLOBAL INDUSTRIAL TECHNOLOGIES, INC. and ) | (Bkcy. No. 02-21626 - JFK) |
| HARBISON-WALKER REFRACTORIES COMPANY, ) | |
| ) | |
|     Debtor-Appellee, ) | |
|   -vs- ) | |
| ) | Civil Action No. 06-79 |
| ) | |
| ASH TRUCKING COMPANY, INC., ) | |
| ) | |
|     Claimant/Appellant. ) | |

AMBROSE, Chief District Judge.

# OPINION
# and
# ORDER OF COURT

## SYNOPSIS

Pending is an appeal filed by Ash Trucking Company, Inc. ("Ash Trucking"), Claimant-Appellant, from the United States Bankruptcy Court for the Western District of Pennsylvania. Ash Trucking seeks an order reversing the Order of the Bankruptcy Court dated November 29, 2005. (Docket No. 9). After a careful review of the appellate briefs filed by the parties and based on my opinion below, I am vacating the November 29, 2005, Order of the Bankruptcy Court, and remanding the case to the Bankruptcy Court for proceedings consistent with this Opinion.

## I. **BACKGROUND**[1]

Ash Trucking filed claims in a bankruptcy action filed by Harbison-Walker Refractories Company ("Harbison") and its parent, Global Industrial Technologies, Inc. ("Global") (collectively referred to as "Debtors"), relating to equipment sold by Debtors to Ash Trucking. Debtors filed objections to the claims based on the statute of limitations. Ash Trucking responded to the objections. On November 2, 2005, the Bankruptcy Court issued a Memorandum Opinion and Order ("the November 2, 2005, Order") sustaining the objections and disallowed the claims filed by Ash Trucking as time barred. (Docket No. 9-6). The November 2, 2005, Order was e-filed[2] and mailed to counsel of record. *Id.*

On November 16, 2005, Ash Trucking filed a Motion to Set Aside Order requesting the Bankruptcy Court set aside its Order dated November 2, 2005.[3] (Docket No. 9-2). Ash Trucking sought this relief based on the statement that its counsel had not received notice of the November 2, 2005, Order in time to file a notice of appeal. *Id.* Without a response from Debtors or a hearing, the Bankruptcy Court issued an Order on November 29, 2005, denying the Motion to Set Aside. (Docket No. 9-1). Ash Trucking filed a notice of appeal of the November 29, 2005, Order.

## II. **ORDERS OF THE BANKRUPTCY COURT**

---

[1] Unless otherwise noted, the parties agree to the following essential facts of the case.

[2] The bankruptcy docket indicates that the November 2, 2005, Order was not entered on the record until November 4, 2005.

[3] The bankruptcy docket indicates that the Motion was not e-filed until November 21, 2005.

2

Ash Trucking appeals from November 29, 2005, Order relating to the November 2, 2005, Order. The November 2, 2005, Order provides as follows:

**ORDER**

> **AND NOW**, this 2nd day of November, 2005, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED, AND DECREED** that Movants' objection to the claims of Ash Trucking Company, Inc. is **SUSTAINED**. Ash Trucking Company's claims are disallowed as time barred.
>
> s/ Judith K. Fitzgerald
>
> The Case Administrator will electronically send copies of the Memorandum Opinion and Order to the parties listed on the current service list in addition to those listed below.
> cc:   Richard A. Getty, Esquire
>       C. Thomas Exxell, Esquire
>       Getty & Mayo, LLP
>       1900 Lexington Financial Center
>       250 West Main Street
>       Lexington Kentucky 40507

(Docket No. 9-6, pp. 16-17). The November 29, 2005, Order states as follows:

**ORDER DENYING MOTION**

> On Motion of the Respondent, Ash Trucking Company, Inc.("Ash Trucking"), to Set Aside and Reenter the Memorandum Opinion and Order in the above proceedings, the Court having considered said Motion and being duly and sufficiently advised,
>
> NOW, THEREFORE, this 29th day of November, 2005, it is **ORDERED** that the Bankruptcy Court's Memorandum Opinion and Order dated and entered on November 2, 2005, should not be, and hereby is not set aside.
>
> There are no facts, declaration or affidavit to support the bald assertion that "copies of the Memorandum Opinion and Order were not timely

3

>received by counsel for Ash Trucking in order to file any Notice of Appeal." Moreover, the fact that Mr. Ezzell may no longer be located at his former firm (as counsel to Ash Trucking) was never previously communicated to the Court nor was a change of counsel or address filed. The docket and opinion both reflect that Mr. Ezzell was served by mail on November 2, 2005. The relief requested is not warranted.
>
>The Motion is **DENIED.**
>
>Counsel for Debtor shall immediately serve a copy of this order on all parties listed on the current service list and any other parties in interest and file proof of service within ten (10) days hereof.
>
>                                    s/ Judith K. Fitzgerald
>
>The case administrator sent a copy of this order to:
>
>>David Ziegler, Esq.
>>Reed Smith LLP
>>435 Sixth Avenue
>>Pittsburgh, PA 15219
>>
>>Richard A. Getty, Esq.
>>Getty, Hargadon & Keller, PLLC
>>1900 Lexington Financial Center
>>250 West Main Street
>>Lexington Kentucky 40507
>>
>>Office of the United States Trustee
>>Liberty Center
>>1001 Liberty Avenue, Suite 960
>>Pittsburgh, PA 15222

(Docket No. 9-2).

### III.  JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction over the pending appeal pursuant to 28 U.S.C. § 158(a). On an appeal, the district court may affirm, modify, or reverse a bankruptcy

judge's judgment, order or decree or remand with instructions for further proceedings. Bankr. Rule 8013. The parties agree that standard of review of a bankruptcy court's order on a motion for reconsideration is the abuse of discretion standard. (Docket No. 9, p. 6; Docket No. 10, p. 10).

## IV. LEGAL ANALYSIS

Rule 8002 of the Bankruptcy Rules requires parties to file a notice of appeal within 10 days of the entry of the order they are appealing. Ash Trucking would like to appeal the November 2, 2005, Order. (Docket No. 9-7). Ash Trucking, however, did not file a notice of appeal within 10 days of the entry of the November 2, 2005, Order. Rather, on November 16, 2005, Ash Trucking filed a Motion to Set Aside Memorandum Opinion and Order dated November 2, 2005. (Docket No. 9-3). This Motion is, as admitted by both Ash Trucking and Debtors, in essence, a Motion for Reconsideration governed by Rule 9024 of the Bankruptcy Rules. (Docket No. 9, p. 7-8). Rule 9024 governs relief from orders and provides that Rule 60 of the Federal Rules of Civil Procedure applies. Ash Trucking relies on Rule 60(b), which provides as follows:

> **Rule 60. Relief From Judgment or Order**
>
> \*   \*   \*
>
> > **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed

5

> or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment....

Fed. R. Civ. P. 60(b).

Ash Trucking argues that the November 29, 2005, Order should be reversed because its conduct is excusable neglect. (Docket No. 9, p. 8). The seminal case on excusable neglect is *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 (1993). In *Pioneer,* the United States Supreme Court stated that in determining whether the neglect was excusable, a court should take into account all of "the relevant circumstances surrounding the party's omission." *Id.* at 395. The factors to be considered include:

> 1. The danger of prejudice to the debtor;
>
> 2. The length of the delay and its potential impact on juridical proceedings;
>
> 3. The reason for the delay, including whether it was within the reasonable control of the movant; and
>
> 4. Whether the movant acted in good faith.

*Id.* at 394-95; *See, In Re Cendant Corp. Prides Lit.,* 235 F.3d 176 (3d Cir. 2000); *In Re O'Brien Environmental Energy, Inc.,* 188 F.3d 116 (3d Cir. 1999); *In Re John Lynch,* No. 04-12751DWS, 2004 WL 2977562 (Bankr. E.D. Pa. Dec. 16, 2004). The determination is an equitable one. *Id.* at 395.

The Bankruptcy Court in this case did not order a response to the Motion, nor did it hold a hearing. "In the wake of *Pioneer,* we have imposed a duty of explanation on...Courts when they conduct 'excusable neglect' analysis." *In Re*

*Cendant,* 235 F.3d at 182.  To enable the Bankruptcy Court to engage in the proper analysis as set forth above,  *See,* Docket No. 9-2,  and to ensure that the Order disposing of the Motion to Set Aside is consistent with the sound exercise of discretion, the November 29, 2005, Order should be vacated and the case remanded to the Bankruptcy Court with the direction to perform, in the first instance, a comprehensive and thorough analysis of the issue of excusable neglect as set forth in *Pioneer.*

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: )<br>    GLOBAL INDUSTRIAL TECHNOLOGIES, )<br>    INC., et al., )<br>    )<br>        Debtors, )<br>_____<br>)<br>GLOBAL INDUSTRIAL TECHNOLOGIES, INC. and )<br>HARBISON-WALKER REFRACTORIES COMPANY, )<br>)<br>        Debtor-Appellee, )<br>  -vs- )<br>)<br>ASH TRUCKING COMPANY, INC., )<br>)<br>        Claimant/Appellant. ) | (Bkcy. No. 02-21626 - JFK)<br><br><br>Civil Action No. 06-79 |

AMBROSE, Chief District Judge.

## **ORDER OF COURT**

AND NOW, this **4th**, day of May 2006, it is ordered that the Order of the Bankruptcy Court dated November 29, 2006, is VACATED.

It is further ordered that this case is Remanded to the Bankruptcy Court for proceedings consistent with the attached Opinion. This case is closed *forthwith*.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

8